# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**CHARLES KEITH JACKSON,**

        Petitioner,

v.                          **Case No. CIV 17-385-RAW-KEW**

**JASON BRYANT, Warden,**

        Respondent.

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 8). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction and sentence in Carter County District Court Case No. CF-2014-177 for First Degree Manslaughter.

Respondent has filed a motion to dismiss the petition because it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The following dates are pertinent to the motion to dismiss:

08/27/2015    Petitioner's Judgment and Sentence was affirmed in *Jackson v. State*, No. F-2014-985 (Okla. Crim. App. Aug. 27, 2015) (Dkt. 8-1).

11/25/2015    Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

07/12/2016    Petitioner filed a brief in support of application for post-conviction relief in the Carter County District Court. He did not file an application for post-conviction relief (Dkt. 8-2 at 8).

08/15/2016    The state district court denied Petitioner's brief in support of application for post-conviction relief, because it was not verified pursuant to Okla. Stat. tit. 22, § 1081 (Dkt. 8-3).

11/26/2016    Petitioner's year for filing this habeas corpus petition expired, absent any tolling.

02/16/2017    In response to Petitioner's motion for status clarification filed on December 22, 2016, the state district court entered an order of clarification showing Petitioner had no application for post-conviction relief on file and advising that Petitioner had not properly invoked the court's post-conviction jurisdiction for a ruling on post-conviction relief (Dkt. 8-4).

02/24/2017    Petitioner filed an application for post-conviction relief in the district court (Dkt. 8-2 at 9).

05/16/2017    The state district court denied Petitioner's post-conviction application (Dkt. 8-8)

09/08/2017 of    The Oklahoma Court of Criminal Appeals affirmed the denial Petitioner's post-conviction application in Case No. PC-2017-581 (Dkt. 8-9).

10/17/2017  Petitioner filed this petition for a writ of habeas corpus.

The record shows that Petitioner's Judgment and Sentence was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on August 27, 2015, 2015 in Case No. F-2014-985 (Dkt. 8-1). His conviction, therefore, became final November 25, 2015, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on November 26, 2015, and it expired on November 26, 2016. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. On July 12, 2016, Petitioner filed a brief in support of an application for post-conviction relief in the Carter County District Court. He did not, however, file an application for post-conviction relief.

On August 15, 2016, the state district court denied Petitioner's brief in support of application for post-conviction relief, because it was not verified, as required by Okla. Stat. tit. 22, § 1081. Petitioner filed a notice of intent to appeal on August 22, 2016 (Dkt. 8-2 at 8), but he did not perfect an appeal to the OCCA.

On August 24, 2016, Petitioner filed a letter with a verification affidavit, alleging it was intended to resolve the issue of his not having the brief attached to his pending post-conviction application notarized or verified. He filed a motion for summary disposition on

December 12, 2016 (Dkt. 8-2 at 8).[1]  On December 13, 2016, the state district court entered an order denying the motion for summary disposition, because Petitioner's "previously filed application for post-conviction relief and exhibits were not verified pursuant to Okla. Stat. tit. 22, § 1081" (Dkt. 2-1 at 5).

Petitioner next filed a motion for status clarification on December 22, 2016 (Dkt. 8-2 at 8).  The state district court entered an Order of Clarification on February 16, 2017, advising that  Petitioner had no application for post-conviction relief on file, having only filed a brief in support of post-conviction relief, and Petitioner "had not properly invoked the Court's post-conviction jurisdiction for a ruling on post-conviction relief" (Dkt. 8-4).

Petitioner filed a post-conviction application in the district court on February 24, 2017 (Dkt 8-2 at 9), almost three months after his habeas year expired.  The state district court denied relief on May 16, 2017 (Dkt. 8-8), and the OCCA affirmed on September 8, 2017 in Case No. PC-2017-581 (Dkt. 8-9).

Statutory tolling of the habeas limitation period is dependent upon the proper filing of an application for post-conviction relief in the state court.  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" in the court where it must be filed.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).  *See also Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003) ("[S]tate procedural law must govern when determining whether a state petition is 'properly filed.'" (citation omitted).

Respondent argues that the state district court treated Petitioner's brief in support of application for post-conviction relief as a post-conviction application, as evidenced by the

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

denial of the brief pursuant to section 1081 of the Post-Conviction Procedure Act. Even if the brief is construed as a post-conviction application, however, it was not a properly filed post-conviction application. See 28 U.S.C. § 2244(d)(2). Thus, there can be no statutory tolling for the time the attempted post-conviction application was pending in the state courts. *See Brown v. Rios*, No. CIV-13-934-M, 2014 WL 3397632, at *2-*3 (W.D. Okla. July 10, 2014) (unpublished) (holding that where state district court struck petitioner's post-conviction application for being unverified as required by state statute, application was not properly filed for purposes of receiving statutory tolling). *Cf. Pratt v. Mullin*, No. 05-6008, 175 F. App'x 247, 249 (10th Cir. April 7, 2006) (implicitly affirming the district court's finding that tolling was inapplicable to petitioner's first post-conviction application which was stricken by the state district court because it exceeded the page limit set by local court rule).

Furthermore, because Petitioner's February 24, 2017, post-conviction application was not filed until the limitation period had expired, there is no statutory tolling for those proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Petitioner is not entitled to statutory tolling, and the habeas petition is untimely.

Petitioner alleges he should be granted equitable tolling. "[E]quitable tolling of the one-year statute of limitations is available , but only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific

facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted).

Petitioner alleged in his appellate brief in support of post-conviction relief, filed in OCCA Case No. PC-2017-581, that his former wife delivered an application for post-conviction relief with brief in support to the district courthouse, and on July 12, 2016, she delivered it a second time (Dkt. 8-5 at 4). Her affidavit in support of this claim states that on or about April 6, 2016, she "took Post Conviction Relief paper work to the Ardmore, OK court house to have filed."[2] She later made a follow-up call and was advised that "nothing had been filed." On July 12, 2016, she "took everything back in" but was advised that "it wasn't filed because they needed original which I had in my care." She further states that on that date "it was filed and stamped filed." The Carter County District Court, however, repeatedly has stated there was no verified application for post-conviction relief filed during that time period.

Petitioner has filed an affidavit from his sister, stating Petitioner told her in October 2016 that his "Post Conviction Relief papers" were filed in the Carter County Courthouse in July 2016, but he had received no response. At Petitioner's request, the sister went to the Carter County Courthouse where "the woman in the office told me yes, they had been filed on July 12, 2016." The sister further states that in February, Petitioner "received a letter saying the Application for Post Conviction Relief had not been filed with the other papers, and they had to have a copy of the Application." The sister states she took the application to the court clerk's office on February 24, 2017, where it was stamped and filed that day. An employee in the court clerk's office informed her that the office had everything that was

---

[2] Because Respondent filed an incomplete copy of Petitioner's appellate brief in support of post-conviction relief (Dkt. 8-5), copies of the two affidavits were retrieved from the Oklahoma State Courts Network.

needed.

The record shows that Petitioner's brief in support of post-conviction application was filed on July 12, 2016, and Petitioner admits he knew the brief was unverified, as shown on the copy of the letter he sent to the Carter County Court Clerk on August 22, 2016 (Dkt. 8-6). His letter states he had attached a "verification affidavit" for Case No. CF-2014-177 to "resolve the issue of my not having my brief attached to my pending application for post conviction relief notorized [sic]/verified." *Id.* at 1.

Petitioner also filed a notice of intent to appeal on August 22, 2016, after receiving the August 15, 2016, order from the district court which denied his brief in support of application for post-conviction relief (Dkt. 8-2 at 8). The Court finds that although Petitioner clearly knew of the problem with his attempted post-conviction filing, he has shown nothing to demonstrate he could not have properly filed his post-conviction application before the November 26, 2016 habeas filing deadline.

To the extent Petitioner claims he is "not guilty of the crime charged" (Dkt. 2 at 25), the Court further finds he is not claiming actual innocence, only legal innocence. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). He contends he is not guilty of first degree manslaughter, but he is guilty of negligent homicide. To meet the actual innocence exception, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him," based upon new reliable evidence along with all the other evidence at trial. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

The Court finds Petitioner's argument that he is only guilty of negligent homicide does not support an actual innocence claim. *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th

Cir. 2000) (finding the petitioner failed to show actual innocence where he did not claim he was innocent of killing the victim, but that he was not guilty of first degree murder because he was intoxicated and acted in self-defense). Further, there is nothing in Petitioner's petition or its attached materials that constitutes new, reliable evidence which was not presented at trial. Therefore, the Court finds Petitioner is not entitled to equitable tolling based on actual innocence.

Petitioner's deadline for filing this habeas petition was November 26, 2016. Because he did not file this habeas corpus petition until October 17, 2017, more than ten months after his statutory year ended, the Court finds the petition is barred by the statute of limitations under 28 U.S.C. § 2244(d).

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time-barred petition (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 20th day of September 2018.


**Dated this 20th day of September, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

8